UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.	5:04cv416-RH/WCS

BRAXTON FEED & LIVESTOCK;
MOSE W. BRAXTON and JOYCE
BRAXTON, his wife; KENNETH P.
BRAXTON and DIANE BRAXTON,
his wife; and, TRIWAY PRODUCTS, INC.,

    Defendants.
_____/

## DEFAULT JUDGMENT OF FORECLOSURE

THIS CAUSE came on to be heard on plaintiff's motion for entry of a Default Judgment of Foreclosure.

IT appears to the Court that:

(a) The defendants have been duly served with legal process and the Court has jurisdiction over the defendants and the subject matter.

(b) A default has properly been entered by the Clerk of the Court against the defendants for failure to plead or otherwise respond as required by the Federal Rules of Civil Procedure. Plaintiff has submitted to the Court its proof, the mortgage documents and a Certificate of Indebtedness due from defendants, BRAXTON FEED & LIVESTOCK; MOSE W. BRAXTON and JOYCE BRAXTON, his wife; KENNETH P.

BRAXTON and DIANE BRAXTON, his wife; and, TRIWAY PRODUCTS, INC.; and the proof having been submitted and examined, and the pleadings, together with the record as a whole, having been considered, the Court finds a breach of the mortgage contract and the following amounts to be due to the United States thereon from defendants, BRAXTON FEED & LIVESTOCK; MOSE W. BRAXTON and JOYCE BRAXTON, his wife; KENNETH P. BRAXTON and DIANE BRAXTON, his wife; and, TRIWAY PRODUCTS, INC.:

| | |
|---|---|
| Unpaid Principal as of April 21, 2004 | $48,228.74 |
| Unpaid Interest to April 21, 2004 | $ 6,375.30 |
| TOTAL AMOUNT DUE AS OF April 21, 2004 | $54,604.04 |

Plus interest at the daily accrual rate of $11.5617 from April 21, 2004, to the date of this order. Interest accrues thereafter at the annual rate of 3.33%, as provided for in Title 28, United States Code, Section 1961.

IT IS THEREFORE, ORDERED AND ADJUDGED:

1. The default entered by the Clerk of this Court against defendants, BRAXTON FEED & LIVESTOCK; MOSE W. BRAXTON and JOYCE BRAXTON, his wife; KENNETH P. BRAXTON and DIANE BRAXTON, his wife; and, TRIWAY PRODUCTS, INC., be and the same is hereby ratified and confirmed and a Default Judgment of Foreclosure is hereby entered in favor of the United States and against said defendants.

(2) Defendants, BRAXTON FEED & LIVESTOCK; MOSE W. BRAXTON and JOYCE BRAXTON, his wife; KENNETH P. BRAXTON and DIANE BRAXTON, his wife; and, TRIWAY PRODUCTS, INC., are ordered and directed to pay to plaintiff within ten (10) days after the date hereof the sums of money found to be due plaintiff on the notes

and mortgages as set forth above.

(3)  If defendants, BRAXTON FEED & LIVESTOCK; MOSE W. BRAXTON and JOYCE BRAXTON, his wife; KENNETH P. BRAXTON and DIANE BRAXTON, his wife; and, TRIWAY PRODUCTS, INC., fail to pay within ten (10) days after the date hereof the full amount aforesaid due to plaintiff, under the applicable laws and rules of this Court, the United States Marshal is appointed sales officer and ordered and directed to sell the following described mortgage property, situated, lying and being in Jackson County, Florida, to wit:

> NORTH HALF OF SW1/4 OF SE1/4 OF SECTION 26, T6N, R13W, CONTAINING 20 ACRES, MORE OR LESS, IN JACKSON COUNTY, FLORIDA.

(4)  The Marshal of this Court shall advertise the described property in accordance with Title 28, United States Code, Sections 2001 and 2002, and after giving proper notice, conduct a sale of the property at the front door of the Jackson County Courthouse at Marianna, Florida.

(5)  Upon the sale being made of the property and confirmed by this Court, the defendants, BRAXTON FEED & LIVESTOCK; MOSE W. BRAXTON and JOYCE BRAXTON, his wife; KENNETH P. BRAXTON and DIANE BRAXTON, his wife; and, TRIWAY PRODUCTS, INC., and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

(6)  Plaintiff is authorized hereby to bid at the sale and any bid made by the plaintiff shall be credited against the indebtedness due plaintiff.  If the plaintiff is the successful bidder for an amount less than the amount due hereunder, then plaintiff may

pay costs of Court and expenses due hereunder and it is not necessary for plaintiff to

pay over any money other than the costs of this suit.

*Case No: 5:04cv416-RH*

(7)  Upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder or bidders at such sale and report the amount of the sale for confirmation.  Upon the sale being made the Marshal shall retain the proceeds thereof until confirmation and order of disbursement is made herein.

(8)  The Court reserves jurisdiction to make a further order for a deficiency judgment if the proceeds of the sale are insufficient to pay the indebtedness; for a writ of assistance; for a further order for the taxation of all costs; for an appropriate order should there be a surplus upon sale of the above described property; and for such other and further relief as may be appropriate.

DONE and ORDERED this 25th day of May, 2005.

s/Robert L. Hinkle
Chief United States District Judge